JOHN GRAVES, *Appellee,* V. THE NEOSHO FALLS BANK et al.· (J. G. WILSON, as Receiver, etc., *Appellant*).

No. 17,434.

HEADNOTE BY THE REPORTER.

1. PLEADINGS—*Action for Money Paid—Copy of Note Not Necessary.* In an action for the recovery of money which appellant received in payment of a note and failed to apply to that purpose, it was not necessary to set out or attach a copy of such note to the petition.

2. ———— *Action Not Barred.* The evidence does not show that this action is barred by any former proceedings had in attempting to collect the claim.

Appeal from Woodson district court. Opinion filed April 12, 1913.. Affirmed.

*Baxter D. McClain,* of Iola, for the appellant; *G. H. Lamb,* and *W. E. Hogueland,* of Yates Center, of counsel.

*S. C. Holmes,* of Yates Center, and *J. W. Dickson,* of Neosho Falls, for the appellee.

*Per Curiam:* It was not necessary to set out or attach a copy of the note spoken of as the action was not brought upon the note, but rather to recover money which appellant had received in payment of the note and had failed to apply it to that purpose, with the result that appellee was compelled · to pay the debt again to the purchaser of the note. The action was properly brought against the receiver of the bank, and the judgment against appellant is supported by the testimony. Although the claim was once presented to the referee in a bankruptcy proceeding it was subsequently stricken out and was neither allowed nor paid. There was an attempt, too, by appellee to intervene in the action for an accounting between the partners of the Neosho Falls Bank. His motion for the allowance of the claim, however, was dismissed.

There is a dispute as to whether it was dismissed with or without prejudice. The proof offered tended to show, as the trial court must have held, that it was dismissed without prejudice, and hence its presentation did not bar a recovery herein, nor was appellee concluded by the presentation of the claim in the bankruptcy court.

Other assignments of error were made but are found to be immaterial.

The judgment is affirmed.